UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAN CROSBY, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:16-cv-00383-RDP |
| } | |
| MASSEY HAULING CO., INC., } | |
| } | |
| Defendant. } | |

# MEMORANDUM OF DECISION

This matter is before the court on Defendant's Renewed Motion to Dismiss Count I of the Complaint. (Doc. #21). Plaintiff, Jan Crosby, asserts a claim for violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("Equal Pay Act"), against her former employer, Massey Hauling Co., Inc. Defendant moves to dismiss count one of Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. The court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343. Defendant's motion is ripe for decision, and after careful review, the court concludes the motion is due to be granted and Count one of the Complaint is due to be dismissed.

**I.   Procedural History**

Plaintiff filed her complaint seeking relief for Defendant's Equal Pay Act violations on March 3, 2016. (Doc. # 1). Defendant filed a Motion to Dismiss (Doc. #4), which the court denied without prejudice. (Doc. #11). After Plaintiff filed an Amended Complaint (Doc. #20) pursuant to the court's May 23, 2016 order (Doc. #11), Defendant responded by filing this motion to dismiss. (Doc. # 21). Plaintiff responded to Defendant's motion to dismiss, and

Defendant replied to Plaintiff's response with a renewed motion to dismiss pursuant to Rule 12(b)(6). (Doc. # 23 and Doc. #24). "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true.

## II. Facts

Plaintiff was employed as a truck driver by Defendant from October 2012 until February 2016. (Doc. #20 at p. 2). During the years that Plaintiff was employed, Defendant had about 35-40 drivers and trucks. (*Id.*). Most of Defendant's trucks were coal trucks; about seven trucks were dump trucks. (*Id.*). Plaintiff always drove a dump truck, as did the other two women who were employed by Defendant as drivers during that period. (*Id.*). Defendant compensated its truck drivers by paying them a percentage of each load they hauled. (*Id*). Defendant was paid different rates by customers depending on the materials being hauled. (Doc. #20 at p. 3). The difference in pay rate was passed on to the dump truck drivers who were paid according to what they were hauling. (*Id.*). Plaintiff's Amended Complaint alleges that during her employment Defendant consistently gave her (and other female drivers) lesser paying assignments than those made to male drivers. (Doc. #20 at p. 3). Plaintiff alleges that this disparity caused her and other female drivers to earn substantially less than the male drivers. (*Id.*).

## III. Plaintiff's Argument

Plaintiff argues that the measure of the drivers' pay had two components: (1) Massey Hauling's standard percentage paid to the drivers for the load, and (2) the price paid per load, as determined by Massey Hauling and its customers based on the material being hauled. (Doc. #23, at p. 6). She asserts that when Defendant assigned the male drivers the loads that paid the higher rates, it set the male drivers' pay at a higher rate. (*Id.*). In doing so, Plaintiff alleges that

Defendant paid male drivers more than the female drivers for performing the same work in violation of the Equal Pay Act. (*Id.*).

## IV.     Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2). That rule must be read alongside Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While that pleading standard does not require 'detailed factual allegations,' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it does demand 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Caetio v. Spirit Coach, LLC*, 992 F. Supp. 2d 1199, 1202 (N.D. Ala. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must only contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The factual allegations in a complaint must be accepted and construed in the light most favorable to the plaintiff. *Young Apts., Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008) (citing *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). Upon ruling on a motion to dismiss, the district court is required to assume that the facts set forth in plaintiff's complaint are true. *Caetio v. Spirit Coach, LLC*, 992 F. Supp. 2d 1199, 1202 (N.D. Ala. 2014) (citing *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006)). While the court must take all factual allegations in the complaint as true for purposes of a motion to

dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007)).

**V.   Discussion**

Defendant argues in its motion to dismiss that even if the allegations in count one of Plaintiff's complaint are both accepted as true and construed in the light most favorable to her, she still fails to assert a plausible claim for relief under the Equal Pay Act. (Doc. #21 at p. 2). The court agrees. For the reasons discussed below, Defendant's Renewed Motion to Dismiss is due to be granted.

The Equal Pay Act contains a prohibition against sex discrimination in the work place, but that prohibition is not as broad as Plaintiff asserts. *See Caetito v. Spirit Coach, LLC*, 992 F. Supp. 2d 1199, 1213 (N.D. Ala. 2014). Plaintiff bases her complaint on section 206(d) of the Equal Pay Act, which provides,

> [n]o employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar conditions . . . .

29 U.S.C. § 206(d)(1). Recently, Judge Smith of this court, in interpreting section 206(d) expressly held, "the Equal Pay Act does not provide relief for allegations of discriminatory work assignments." *Caetio v. Spirit Coach, LLC*, 992 F. Supp. 2d 1199, 1213 (N.D. Ala. 2014) (quoting *Berry v. Bd. of Supervisors*, 715 F.2d 971, 976 (5th Cir. 1983)).

The plaintiff in *Caetio*, was a female tour driver employed by the defendant who alleged that male drivers were assigned more lucrative driving assignments that required more hours and paid greater amounts to drivers. *Caetio*, 992 F. Supp 2d at 1203. Because the allegations of the

plaintiff in *Caetio* were related to work assignments and not disparity in pay rates between the sexes, this court dismissed the complaint on the defendant's Rule 12(b)(6) motion to dismiss. *Caetio*, 992 F. Supp. 2d at 1213. Similarly, the complaint in the instant case should be dismissed as Plaintiff alleges only that Defendant made discriminatory work assignments and has made no factual allegations that she was paid "at a rate less than the rate at which . . . employees of the opposite sex" were paid. 29 U.S.C. § 206(d)(1).

Plaintiff attempts to distinguish this case from *Caetio* by emphasizing that Defendant paid males "more than females for the *same work* only because of their being given higher paying loads, not more loads." (Doc. # 23, at p. 5).  Further, Plaintiff contends that when Defendant assigned the male drivers the higher paying loads, it set the male driver's pay at a higher rate.[1] (Doc. # 23, at p. 6). However, Plaintiff has failed to put forth any plausible factual allegations that show that higher paying loads allegedly assigned to the males constitute the *same work* as the lower paying loads assigned to females. Instead, Plaintiff's complaint contains only legal conclusions that she and the other females working for Defendant were paid less than male drivers "for substantially the same work." (Doc. #20 at p. 4).  It is axiomatic that mere legal conclusions are not sufficient to state a claim under Rule 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff may have a viable Title VII sex discrimination claim based upon work assignments.  (*See* Doc. # 20 at p. 6).  But her allegations do not pass muster under the Equal Pay Act.

---

[1] Plaintiff cites the definition of "wage rate," and explains that the measure of the drivers' pay had two components: "(1) Massey Hauling's standard percentage paid to the drivers for the load, and (2) the price paid per load, as determined between Massy Hauling and its customers based on the material being hauled." (Doc. #23, at p. 6).

**VI.     Conclusion**

For the reasons stated above, the court concludes that Defendant's motion to dismiss is due to be granted. A separate order shall be entered.

**DONE** and **ORDERED** this October 18, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE